IN THE MATTER OF THE BOARD OF PUBLIC UTILITY COMMISSIONERS' INVESTIGATION OF THE BUS SERVICE BY STRANG BUS LINES, INC. (P.U.C. ROUTE— FILE No. 307–408.)

IN THE MATTER OF THE PETITION OF ROBERT W. MERRILL FOR APPROVAL OF THE TRANSFER OF MUNICIPAL CONSENTS OF THE CITY OF SUMMIT, *ET AL.*, *ETC.*

Superior Court of New Jersey
Appellate Division

Argued March 13, 1961—Decided April 3, 1961.

(1)

Before Judges PRICE, GAULKIN and SULLIVAN.

*Mr. Benedict W. Harrington* argued the cause for appellants Strang Bus Lines, Inc., and Robert W. Merrill (*Messrs. Kessler, Kessler & Harrington,* attorneys).

*Mr. Richard F. Green,* Deputy Attorney General, argued the cause for respondent Board of Public Utility Commissioners (*Mr. David D. Furman,* Attorney General of New Jersey, attorney).

The opinion of the court was delivered by

SULLIVAN, J. A. D.   Strang Bus Lines, Inc. (Strang) was the holder of municipal consents for the operation of five autobuses in the City of Summit, Borough of New Providence, Townships of Berkeley Heights, Passaic and Bernards, Borough of Watchung, and the City of Plainfield. Two services were provided; one beginning at Plainfield, operating between North Plainfield, Warren Township, Borough of Watchung, and the Townships of Passaic and Bernards; and the other service operating from the City of Summit, through the Borough of New Providence and Townships of Berkeley Heights, Passaic and Bernards, to the United States Veterans Hospital.   The consents had been issued many years ago to Marion C. Strang and were approved by the Board of Public Utility Commissioners of New Jersey (Board).   In 1948, with Board approval, these consents were transferred to the Strang Bus Lines, Inc. Over the years various changes had been made in Strang's operating schedule, but basically, from 1930 until May 1958 services provided were between Plainfield and the United States Veterans Hospital in Bernards Township and Summit and the Veterans Hospital.   This appeal is concerned only with the latter service.

At one time the run between Summit and the Veterans Hospital had a full operating schedule.   However, as the number of passengers carried decreased, the service was curtailed.   About July 1957 all service was discontinued with the exception of Wednesdays and Sundays which were visiting days at the Hospital.   Late in 1957 the Wednesday operation was dropped and the only service provided was one round-trip on Sunday.

About May 1958 Hamilton Strang, president of Strang Bus Lines, Inc., notified the Board that he was contemplating ceasing all service on this run because of lack of passengers. Strang also got in touch with one Michael DeCorso, who was operating a bus route through Summit, New Providence and a portion of Berkeley Heights, and asked him to take over the Sunday run between Summit and the Veterans Hospital. DeCorso's regular run traversed about one-half of the Summit-Veterans Hospital route. Strang and DeCorso then met with the manager of the hospital who asked DeCorso to continue the service and authorized him to enter the hospital grounds for the purpose of loading and unloading passengers. Strang and DeCorso also appeared at the office of the Board where DeCorso was given a "temporary permit" to operate the Summit-Veterans Hospital route pending his obtaining municipal consents for the route through the Townships of Bernards and Passaic, and a portion of Berkeley Heights. (He already had consents to operate through Summit, New Providence and a portion of Berkeley Heights.) This "temporary permit" to operate given DeCorso is involved in the present dispute because Strang contends that from May 1958 on, DeCorso was maintaining the service between Summit and the hospital on Strang's municipal consents, or else he was operating illegally because he had no municipal consents for Bernards, Passaic and a part of Berkeley Heights. According to Strang, the Board had no power to give a temporary permit to operate to DeCorso unless he first had the underlying municipal consents.

Since May 1958 DeCorso has provided Sunday round-trip service on this route as an extension of his regular Sunday service through Summit, New Providence and a portion of Berkeley Heights, and has increased the number of passengers carried from approximately 6 to 29. In May 1959 DeCorso applied for municipal consents to operate the route through Bernards, Passaic, and the other portion of Berkeley Heights. On March 8, 1960, the date of the Board's decision from

which the instant appeal has been taken, DeCorso had not yet received all of these consents. However, during the pendency of this appeal such consents have been obtained and their approval has been recommended to the Board by its hearing examiner.

In August 1959 the Board initiated proceedings to withdraw its approval of the municipal consents held by Strang on the ground, *inter alia,* that Strang had "failed to operate autobus service between the City of Summit and Township of Bernards over the approved route since August, 1958." A hearing was had in this matter on September 14, 1959, and decision held pending a hearing on an application to the Board made September 8, 1959 by Strang as transferor and Robert Merrill as transferee for approval of the transfer of municipal consents held by Strang. Included therein were the consents to operate between Summit and the United States Veterans Hospital. This matter was heard on October 30, 1959.

At the hearing on the transfer application, Hamilton Strang testified that Strang had stopped furnishing service between Summit and the United States Veterans Hospital about May 17, 1958, and that DeCorso took over at that time. He also testified that in March 1959 Strang and Merrill had entered into a contract for the sale and purchase of Strang's municipal consents and equipment, and that since then and pending Board approval of the transfer of consents, Merrill has been operating buses on Strang's consents. (Merrill has no municipal consents of his own). Merrill who also testified, generally corroborated the foregoing, except that he set May 1959 as the date when he began to provide Sunday round-trip service between Summit and the United States Veterans Hospital.

The hearing examiner found that DeCorso had begun operating between Summit and the Veterans Hospital on May 18, 1958, after Strang had advised the Board that it could no longer supply this service and after the superintendent of the Veterans Hospital had notified the Board

that it was desired that the service be continued. "Because of the need for this service," the Board permitted the operation pending DeCorso's obtaining the necessary municipal consents.

Based on the foregoing the examiner, so far as it is pertinent to this appeal, found that the operation of autobuses by Strang Bus Lines, Inc. from Summit through New Providence, Berkeley Heights, Passaic Township and Bernards Township, was not required for the public convenience and necessity, and that Strang was not operating over its approved routes. He therefore recommended that the approval of the municipal consents of the City of Summit, Borough of New Providence and the Township of Berkeley Heights for the operation of two autobuses in these municipalities by Strang (the easterly portion of the Summit, Veterans Hospital route) be revoked as no longer necessary for the public convenience. He also recommended that the application for the transfer of Strang's other consents to Merrill (the Plainfield, Veterans Hospital route) be granted. The Board rendered a decision adopting these findings and recommendations. Merrill and Strang appeal from so much of the Board's decision as revokes its approval of Strang's municipal consents to operate in Summit, New Providence and Berkeley Heights.

██ A review of the entire record makes it clear that the Board's decision should be affirmed despite some improper procedures on its part. When Strang notified the Board in May 1958 that it would no longer furnish bus service between Summit and the Veterans Hospital, the Board had no right to authorize or permit DeCorso to provide such service pending his obtaining the necessary permits. Under *R. S.* 48:2–14 the Board's jurisdiction is limited to approving privileges or franchises that have been granted by political subdivisions of the State and, under *N. J. S. A.* 48:4–3 and *R. S.* 48:4–11, it is illegal to operate an autobus along any street in any municipality without the consent of such municipality. The Board could have approved the transfer

of municipal consents from Strang to DeCorso pursuant to *R. S.* 48:4–6 but no such application was made and it is clear from the record that it was contemplated that DeCorso was to obtain his own consents.

The impropriety of the Board's action does not, however, redound to Strang's benefit in any way. Strang ceased furnishing the particular bus service in May 1958 so that as of March 1960, the date of the Board's decision, Strang had not furnished any service on this route for almost two years.

Strang argues that its service on the route actually never ceased because, from May 1958 to May 1959, the service was being furnished by DeCorso under Strang's consents, and from May 1959 to date Merrill has been providing the service under the Strang consents. This is not so though. Aside from the clear indication that DeCorso was to obtain his own consents, the only way that DeCorso or Merrill legally could have used Strang's consents was to have such consents transferred and Board approval thereof obtained.

Therefore it appears that the examiner's findings that Strang was not operating over its approved routes and that the operation of autobuses by Strang from Summit through New Providence, Berkeley Heights, Passaic Township and Bernards Township was not required for the public convenience and necessity, were correct. These findings were adopted by the Board as a basis for its determination that Board approval of Strang's municipal consents for the Summit, Veterans Hospital route be revoked.

The Board could have based its revocation on the undisputed proof that Strang had abandoned all service on the route since May 1958. However, it is obvious that operation by Strang was not required for the public convenience and necessity because Strang has not provided any service since May 1958.

Appellants argue that the Board erred in finding there was no public convenience and necessity for the continuance of autobus service from Summit to the Veterans Hospital.

That is not what the Board found, however. Its determination was that operation *by Strang* was not required for the public convenience and necessity.

The overall picture is that service over the route was and is necessary, but that Strang abandoned it in May 1958. Since then DeCorso has taken over the route and provided adequate service. True, at the time he did not have the necessary municipal consents for part of the route. However, he has since obtained them and no good reason appears why Strang or Merrill should be permitted to operate over the same route.

Affirmed.